JAMES B. CHANIN (SBN# 76043)
LAW OFFICES OF JAMES B. CHANIN
3050 Shattuck Avenue
Berkeley, California 94705
Telephone: (510) 848-4752, Ext. 2
Facsimile: (510) 848-5819
Email: jbccrc@aol.com

ORIGINAL FILED
FEB 1 3 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing ADR

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

A.D., a minor, by and through his Guardian ad Litem, Vivian Young; WILLIAM TATE, JR.; and MUSTAFA MUHYEE,

Plaintiffs,

vs.

CITY AND COUNTY OF SAN FRANCISCO; HEATHER FONG; OFFICER JESSE FARRELL OR DOE 1; OFFICER GABRIEL ALCARAZ OR DOE 2; DOES 3-100 inclusive,

Defendants.

CASE NO.: C07-00897 MHP

COMPLAINT FOR DAMAGES
(42 U.S.C. Section 1983; Supplemental Claims)

JURY TRIAL DEMANDED

## JURISDICTION

1.      This action arises under 42 U.S.C. Section 1983. Jurisdiction is based on 28 U.S.C. Sections 1331 and 1343.

## INTRADISTRICT ASSIGNMENT

2.      The claims alleged herein arose in the City and County of San Francisco, State of California. Therefore, venue and assignment are in the United States District Court for

Complaint for Damages        1

the Northern District of California, San Francisco or Oakland Divisions.  28 U.S.C. Section 1391(b)(2).

**PARTIES**

3. Plaintiff, A.D., is an African American male and a citizen of the United States.  Plaintiff A.D. is a minor who brings this action through his Guardian ad Litem, Vivian Young.  Plaintiff A.D. is identified in this lawsuit by his initials as required by Northern District General Order 53.

4. Plaintiff, WILLIAM TATE, JR., is an African American male and a citizen of the United States.

5. Plaintiff, MUSTAFA MUHYEE, is an African American male and citizen of the United States

6. Defendant CITY AND COUNTY OF SAN FRANCISCO is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California.

7. Defendant HEATHER FONG (hereinafter, Defendant FONG) is, and at all times herein mentioned was, the Chief of Police for the San Francisco Police Department and, as such, was the policy-maker for Defendant CITY AND COUNTY OF SAN FRANCISCO on matters related to the San Francisco Police Department.  Defendant FONG is sued in her individual and official capacities.

8. Plaintiffs are informed and believe and thereon state that Defendant OFFICER JESSE FARRELL or DOE 1 (hereinafter, Defendant FARRELL or DOE 1) was at all times mentioned herein a police officer for defendant CITY AND COUNTY OF SAN FRANCISCO.   He is sued in his individual and official capacities.

9. Plaintiffs are informed and believe and thereon allege that Defendant GABRIEL ALCARAZ or DOE 2 (hereinafter, Defendant ALCARAZ or DOE 2) was at all times mentioned herein a police officer for defendant CITY AND COUNTY OF SAN FRANCISCO. He is sued in his individual and official capacities.

10. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe, and upon such information and belief allege that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, battery, violation of constitutional rights, violation of public policy, battery, racial bias or racial animus, excessive force, false arrests, false imprisonments or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

11. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY AND COUNTY OF SAN FRANCISCO.

12. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

13. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other Defendants herein.

**STATEMENT OF FACTS**

14. On or about the evening of February 18, 2006, Plaintiffs A.D., WILLIAM TATE, JR., AND MUSTAFA MUHYEE, all of whom are African American males, attended and performed at a hip hop worship service conducted at the St. Paul Tabernacle Baptist Church in the City and County of San Francisco.

15. After the service concluded, the Plaintiffs left the church to go to their car. Plaintiff A.D., who was carrying Bibles and CD's from the church service, walked ahead of the other Plaintiffs on Palou Avenue in San Francisco. When Plaintiff A.D. reached the car, he placed the Bibles and CD's on top of the car.

16. Plaintiff A.D. then noticed a San Francisco Police Department vehicle, which was carrying Defendants OFFICERS JESSE FARRELL or DOE 1 and GABRIEL ALCARAZ or DOE 2, drive past him. After passing Plaintiff A.D., the officers' car stopped and backed up to the area where Plaintiff A.D. was standing.

17. Defendants FARRELL or DOE 1 AND ALCARAZ or DOE 2 got out of their vehicle, pulled out their billy clubs and approached Plaintiff A.D. Although Plaintiff A.D. had not committed any crime and there was no reasonable or probable cause to believe that he had, Plaintiff A.D. was ordered to put his hands on top of his head. The officers detained Plaintiff A.D. without reasonable suspicion or probable cause to believe he committed any crime and began searching him without justification. During the course of the search, the officers

Complaint for Damages                4

asked the Plaintiff whether he had any weapons, needles or drugs and the Plaintiff responded that he did not.

18. During the course of the search and seizure, Plaintiff A.D. asked the officers why they had stopped him. Eventually, Defendant FARRELL or DOE 1 told the Plaintiff that he saw him break a window on an abandoned house in the neighborhood. This claim, however, was patently false since the window had been broken prior to this incident and the Plaintiff had not broken it. Nevertheless, the officers continued to detain and search Plaintiff A.D. without reasonable or probable cause to believe that he committed any crime.

19. When Plaintiffs MUHYEE and TATE, JR. arrived at the location where Plaintiff A.D. was being subjected to the unlawful search and seizure, they attempted to ascertain the reason for the search and seizure of Plaintiff A.D. and attempted to explain to the officers that they had just attended a church service and were on their way to their car.

20. Defendant ALCARAZ OR DOE 2, who was acting in concert with Defendant FARRELL OR DOE 1, approached Plaintiffs MUHYEE and TATE, JR. Although the Plaintiffs complied with the officer's orders to "back up," had their hands raised in the air, and were not interfering or obstructing the officers in the lawful exercise of their duties, Defendant ALCARAZ or DOE 2 subjected said Plaintiff TATE, JR. to excessive and unnecessary force.

21. Said force included, but was not limited to Defendant ALCARAZ or DOE 2 pepper spraying Plaintiff TATE, JR. in the face without justification. Plaintiff TATE, JR. fell to the ground where he complained of severe pain to his eyes. Plaintiff TATE, JR. was arrested without probable cause and was transported by ambulance to San Francisco General Hospital for medical treatment.

Complaint for Damages                5

22. Defendant FARRELL OR DOE 1, acting in concert with Defendant ALCARAZ OR DOE 2, also subjected Plaintiff A.D. to excessive force which included slamming him to the ground.  Plaintiff A.D. was handcuffed and arrested without reasonable or probable cause to believe that he committed any crime.  Plaintiff A.D. was then transported to the police station where he was imprisoned without reasonable or probable cause to believe that he committed any crime.

23. Defendant FARRELL OR DOE 1, acting in concert with Defendant ALCARAZ or DOE 2, subjected Plaintiff MUHYEE to unnecessary force and threatened him by stating words to the effect that he was going to "get it next."   Plaintiff MUHYEE was not arrested by the defendants.

24. Eventually, Plaintiffs TATE, JR. AND A.D. were released from police custody and were never convicted of any crimes as a result of this incident.

25. Plaintiffs are informed and believe and thereon allege that this incident is consistent with pre-existing customs, policies and/or practices of Defendants CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG and/or other high ranking members of the San Francisco Police Department (Does 50-100), which have included, but are not limited to, customs, policies and/or practices of failing to provide any or adequate training, supervision and/or control of officers to prevent their use of excessive force, unreasonable searches and/or seizures, racially discriminatory and/or racially disparate treatment of citizens, racial profiling and/or other misconduct.

26. Plaintiffs are further informed and believe and thereon allege that this incident was consistent with pre-existing customs, policies and/or practices of Defendants CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG and/or other high ranking members

of the San Francisco Police Department (Does 50-100), which have included, but are not limited to, customs, policies and/or practices of failing to discipline officers who subject citizens to unreasonable searches and seizures, excessive force, racially discriminatory and/or racially disparate treatment, racial profiling, who write false or misleading reports and/or who practice a Code of Silence intended to insulate officers from civil, criminal and/or administrative sanctions for their misconduct.

27.     Plaintiffs are further informed and believe and thereon allege that prior to the subject incident, Defendants CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, DOES 50-100 and/or each of them, knew and/or reasonably should have known, that members of the San Francisco Police Department, including, but not limited to, certain officers assigned to the Bayview Station, engaged in a custom, policy, pattern and/or practice of racial discrimination, disparate treatment, racial profiling and other misconduct directed at African Americans and/or other racial minorities, but failed to take any or appropriate remedial action to prevent such conduct.

28.     Plaintiffs are further informed and believe and thereon allege that prior to the subject incident, Defendants CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, DOES 50-100 and/or each of them, knew or reasonably should have known that members of the San Francisco Police Department were using force disproportionately on African Americans and/or disproportionately arrested African Americans, but failed to take any or appropriate remedial action.

29.     Plaintiffs are further informed and believes and thereon allege that prior to the subject incident, Defendants CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG does 50-100 and/or each of them, knew or reasonably should have known that they were

failing to identify and track members of the San Francisco Police Department who engaged in patterns and practices of excessive force, unreasonable searches and/or seizures, racially discriminate or racially disparate treatment, racial profiling and/or other misconduct so that they could effectively train and/or discipline said officers.  Nevertheless, Plaintiffs are informed and believe and thereon allege that Defendants CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG and/or DOES 50-100 and/or each of them, failed to take any or appropriate remedial action, thereby tacitly encouraging, authorizing, condoning and/or ratifying ongoing misconduct by members of the San Francisco Police Department tantamount to a custom, policy or practice.

30. Plaintiffs are further informed and believe and thereon allege that notwithstanding the fact that they and/or members of their congregation complained about the incident to the San Francisco Police Department, Plaintiffs are informed and believe and thereon allege that Defendants CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG and/or DOES 501-100 and/or each of them, failed to take any or appropriate remedial action and/or ratified, condoned and/or approved of the violation of the Plaintiffs' Constitutional rights.

31. Plaintiffs are further informed and believe and thereon allege that Defendants CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG and/or DOES 50-100 and/or each of them, was/were negligent in the hiring, training, supervision, discipline and/or retention of Defendants FARRELL, ALCARAZ and/or DOES 1-100 and/or each of them.

32. Plaintiffs are further informed and believe and thereon allege that this incident was the result of racial animus, racial bias and/or racial profiling of the Plaintiffs and/or each of them, by Defendants FARRELL or DOE 1, ALCARAZ or DOE 2 and/or DOES 3-100 and/or each of them and/or was caused by customs, policies and/or practices of Defendants

CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG and/or other high ranking members of the San Francisco Police Department which encouraged, authorized, condoned and/or tolerated racially discriminatory and/or racially disparate treatment of African Americans and/or other racial minorities by San Francisco Police Officers.

## STATEMENT OF DAMAGES

33. As a result of the acts and/or omissions alleged herein, Plaintiffs and/or each of them, incurred damages, including, but not limited to,

a. As to all Plaintiffs, past, present and/or future general damages, including, but not limited to, damages for pain, suffering, emotional distress and/or other general damages in amounts to be determined according to proof;

b. As to Plaintiffs TATE, JR. AND MUHYEE and/or each of them, past, present and/or future special damages, including, but not limited to, medical and related expenses in amounts to be determined according to proof;

c. As to all Plaintiffs, they are informed and believe and thereon allege that the conduct of Defendants FARRELL, ALCARAZ, FONG, DOES 1-100 and/or each of them, was intentional, malicious, fraudulent, oppressive and/or done with a conscious and/or reckless disregard for the rights of the Plaintiffs. Therefore, Plaintiffs are informed and believe and thereon allege that they may be entitled to an award of punitive and exemplary damages in amounts to be determined according to proof.

34. Plaintiffs will also be entitled to an award of statutory damages, attorneys' fees and/or costs pursuant to statute(s) in the event that they and/or any of them, are the prevailing party in this matter under California Civil Code Sections 51.7, 52, 52.1, 42 U.S.C. Sections 1983, 1988 and/or under other statutes and/or laws.

# CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. Section 1983

**Against Defendants FARRELL or DOE 1, ALCARAZ or DOE 2, DOES 3-100**

35. Plaintiffs incorporate by reference and reallege herein Paragraphs 1 through 34 of this Complaint.

36. In doing the acts complained of in this Complaint, Defendants FARRELL or DOE 1, ALCARAZ or DOE 2 and/or DOES 3-100 and/or each of them, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiffs and/or each of them, of their rights guaranteed by the United States Constitution, including, but not limited to:

    a. The right to be free from unreasonable seizure;

    b. The right to due process of law;

    c. The right to equal protection of the law;

    d. The right to freedom of speech and/or the right to freedom of association.

37. Said rights are guaranteed under the First, Fourth and/or Fourteenth Amendments to the United States Constitution.

38. As a result of the violation of their rights under the United States Constitution by said Defendants, Plaintiffs and/or each of them, suffered the injuries and/or damages as alleged in this Complaint.

39. Plaintiffs are informed and believe and thereon allege that the conduct of defendants FARRELL or DOE 1; ALCARAZ or DOE 2; and/or DOES 3-100 and/or each of them, was intentional, malicious, oppressive and/or done with a conscious or reckless disregard

for the rights of the Plaintiffs.  As a result, Plaintiffs and/or each of them, are entitled to an award of punitive and exemplary damages against said Defendants and/or each of them, in amounts to be determined according to proof.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CLAIM FOR RELIEF**

**42 U.S.C. Section 1983**

**Against the CITY AND COUNTY OF SAN FRANCISCO;
HEATHER FONG; DOES 50-100**

40. Plaintiffs incorporate by reference and re-alleges herein Paragraphs 1 through 39 of this Complaint.

41.  As against Defendants CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, and/or DOES 50-100 and/or each of them, Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY AND COUNTY OF SAN FRANCISCO Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens with whom they come into contact.

42. Plaintiffs are further informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG and/or high ranking policy-makers (Does 501-100) to the repeated violations of the constitutional rights of citizens by CITY AND COUNTY OF SAN FRANCISCO police officers, which have included, but are not limited to, false arrests, false imprisonments, the repeated use of excessive force, racially discriminatory and/or racially disparate treatment, racial

profiling and/or other repeated violations of the constitutional rights of citizens, such as occurred with respect to Plaintiffs.

43. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the proximate result customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent violations of the rights of citizens, the failure to properly train and/or discipline officers, the failure to adequately or properly supervise officers, the failure to adopt an appropriate early warning or tracking system, customs, policies and/or practices which encouraged and/or condoned attitudes of racial bias and/or racial discrimination by members of the San Francisco Police Department and/or other customs and/or policies which caused and/or contributed to, the violation of the rights of citizens by members of the CITY AND COUNTY OF SAN FRANCISCO Police Department.

44. The aforementioned deliberate indifference, customs, policies or practices of Defendants CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG and/or DOES 50-100 and/or each of them, resulted in the deprivation of Plaintiffs' constitutional rights as alleged in this Complaint.

45. As a result thereof, Plaintiffs and/or each of them, sustained the damages and/or injuries alleged in this Complaint.

46. Plaintiffs are further informed and believe and thereon allege that the acts and/or omissions of Defendant FONG as alleged in this Complaint were intentional and/or done with a conscious or reckless disregard for the rights of the Plaintiffs. Therefore, Plaintiffs pray

for an award of punitive and exemplary damages against Defendant FONG in amounts to be determined according to proof.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

### THIRD CLAIM FOR RELIEF

### Negligence – All Defendants

47.  Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 46 of this Complaint.

48.  Plaintiffs are informed and believe and thereon allege that Defendants FONG, FARRELL or DOE 1; ALCARAZ or DOE 2 and/or Does 3-100 and/or each of them, individually and/or acting in concert and while acting within the course and scope of their employment for Defendant CITY AND COUNTY OF SAN FRANCISCO, owed Plaintiffs a duty to use due care at or about the times of the aforementioned incidents.

49.  In doing the aforementioned acts and/or omissions, Plaintiffs are informed and believe and thereon allege that said Defendants and/or each of them, individually and/or while acting in concert with one another, negligently breached said duty to use due care, resulting in the injuries and damages to the Plaintiffs as alleged herein.

50.  Plaintiffs are informed and believe and thereon allege that at the time of the subject incident, Defendants FONG, FARRELL or DOE 1; ALCARAZ or DOE 2; DOES 3-100 and/or each of them, were employed by the CITY AND COUNTY OF SAN FRANCISCO and were acting within the course and scope of their employment.  Accordingly, Defendant CITY AND COUNTY OF SAN FRANCISCO is liable as *respondeat superior* for the negligence of said Defendants who were acting within the course and scope of their employment.

51. As a result of the negligence of said Defendants, and each of them, Plaintiffs suffered the damages and injuries as alleged heretofore in this Complaint.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CLAIM FOR RELIEF**

**False Arrest/False Imprisonment – Against Defendants FARRELL or DOE 1, ALCARAZ or DOE 2, CITY AND COUNTY OF SAN FRANCISCO, DOES 3-100**

52. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 51 of this Complaint.

53. Plaintiffs are informed and believe and thereon allege that Defendants FARRELL or DOE 1; ALCARAZ or DOE 2 and/or Does 3-100, individually and/or acting in concert with one another, caused Plaintiffs A.D. and/or TATE, JR. and/or each of them, to be arrested and/or imprisoned without reasonable or probable cause to believe that they committed any crimes as alleged in this Complaint.

54. The acts and/or omissions of said Defendants and/or each of them, individually and/or while acting in concert with one another, as alleged herein, were done within the course and scope of their employment for Defendant CITY AND COUNTY OF SAN FRANCISCO. Defendant CITY AND COUNTY OF SAN FRANCISCO is therefore liable for said false arrest and/or false imprisonment as *respondeat superior*.

55. As a result of the false arrest and/or false imprisonment by said defendants, and/or each of them, Plaintiffs A.D. and/or TATE, JR. and/or each of them, suffered the damages and injuries as alleged heretofore in this Complaint.

56. Said Plaintiffs are informed and believe and thereon allege that the conduct of said Defendants and/or each of them, as alleged herein, was intentional, malicious, and/or oppressive. As a result, said Plaintiffs and/or each of them, are entitled to an award of

punitive and exemplary damages against said Defendants and/or each of them, in amounts to be determined according to proof.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CLAIM FOR RELIEF

**Battery – Against Defendants FARRELL or DOE 1, ALCARAZ or DOE 2, CITY AND COUNTY OF SAN FRANCISCO, DOES 3-100**

57.     Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 56.

58.     In doing the acts alleged in this Complaint, Defendants FARRELL or DOE 1; ALCARAZ or DOE 2 and/or DOES 3-100 and/or each of them, individually and/or while acting in concert with the each other, caused Plaintiffs A.D., TATE, JR. and/or MUHYEE and/or each of them, to be subjected to a battery.

59.      As a result of said battery, said Plaintiffs and/or each of them, suffered the damages and injuries alleged in this Complaint.

60.     Said battery was caused by said Defendants and/or each of them within the course and scope of their employment with Defendant CITY AND COUNTY OF SAN FRANCISCO.

61.     Defendant CITY AND COUNTY OF SAN FRANCISCO is therefore liable for said battery as *respondeat superior*.

62.     Plaintiffs are informed and believe and thereon allege that the conduct of said Defendants and/or each of them, was intentional, malicious, and/or oppressive.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages against said Defendants in amounts to be determined according to proof.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SIXTH CLAIM FOR RELIEF

## Negligent Hiring, Training, Supervision and Discipline

## Against CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG; Does 50-100

63. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 62 of this Complaint.

64. At all times mentioned herein, Plaintiffs are informed and believe and thereon allege that Defendants CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG and/or DOES 50-100 and/or each of them, had a duty to use reasonable care with respect to the hiring, supervision, training and/or discipline of members of the CITY AND COUNTY OF SAN FRANCISCO Police Department, including, but not limited to, Defendants FARRELL or DOE 1; ALCARAZ or DOE 2 and/or Does 3-100 and/or each of them, to avoid foreseeable injury and damages to members of the public, such as the Plaintiffs.

65. Plaintiffs are informed and believe and thereon allege that Defendants CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG and/or DOES 50-100 and/or each of them, negligently breached said duty to use reasonable care in the hiring, training, supervision and/or discipline of members of defendant CITY AND COUNTY OF SAN FRANCISCO'S Police Department, including, but not limited to, defendants Defendants FARRELL or DOE 1; ALCARAZ or DOE 2 and/or Does 3-100 and/or each of them, resulting in the damages and injuries sustained by the Plaintiffs as alleged in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CLAIM FOR RELIEF

### California Civil Code Section 52.1

### Against all Defendants

66. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 65 of this Complaint.

67. In doing the acts and/or omissions as alleged heretofore in this Complaint, Defendants FARRELL or DOE 1; ALCAZAR or DOE 2; CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG and/or DOES 2-100 and/or each of them, subjected the Plaintiffs and/or each of them, to the violation of their rights under the United States and/or California Constitutions, including, but not limited to, the right to be free from unreasonable seizures; the right to due process of law; the right to equal protection of the law; the right to freedom of speech and/or freedom of association.

68. As a result of said Defendants' violation of the Plaintiffs' constitutional rights, Plaintiffs and/or each of them incurred the damages as alleged in this Complaint and are also entitled to an award of statutory damages under California Civil Code Sections 52 and 52.1.

69. Plaintiffs are informed and believe and thereon allege that the conduct of Defendants FARRELL or DOE 1; ALCARAZ or DOE 2; DOES 3-100 and/or each of them, was intentional, malicious, fraudulent and/or oppressive. As a result, Plaintiffs are informed and believe and thereon allege that they are entitled to an award of punitive damages in amounts to be determined according to proof.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## EIGHTH CLAIM FOR RELIEF

### California Civil Code Section 57.1

**Against Defendants FARRELL or DOE 1, ALCARAZ or DOE 2, CITY AND COUNTY OF SAN FRANCISCO, DOES 3-100**

70. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 69 of this Complaint.

71. In doing the acts and/or omissions as alleged heretofore in this Complaint, Defendants FARRELL or DOE 1; ALCAZAR or DOE 2; and/or DOES 3-100 and/or each of them, subjected the Plaintiffs and/or each of them, to violence or intimidation by threat of violence because of their race in violation of California Civil Code Section 51.7,

72. As a result of said Defendants' violation of California Civil Code Section 51.7, Plaintiffs and/or each of them are entitled to an award of statutory damages pursuant to California Civil Code Sections 51.7 and 52 in amounts to be determined according to proof.

73. Plaintiffs are informed and believe and thereon allege that the conduct of Defendants FARRELL or DOE 1; ALCARAZ or DOE 2; DOES 3-100 and/or each of them, was intentional, malicious, fraudulent and/or oppressive. As a result, Plaintiffs are informed and believe and thereon allege that they are entitled to an award of punitive damages in amounts to be determined according to proof.

74. In doing the acts and/or omissions alleged herein, Defendants FARRELL or DOE 1; ALCARAZ or DOE 2; DOES 3-100 and/or each of them, were acting within the course and scope of their employment for Defendant CITY AND COUNTY OF SAN FRANCISCO. As a result, Defendant CITY AND COUNTY OF SAN FRANCISCO is liable

for said Defendants' violation of the Plaintiffs' rights under Civil Code Section 51.7 as *respondeat superior.*

### COMPLIANCE WITH GOVERNMENT TORT CLAIM REQUIREMENT

75. Prior to commencing this litigation, plaintiffs presented a timely Tort Claim to the CITY AND COUNTY OF SAN FRANCISCO pursuant to the California Tort Claims Act. Said Claim was rejected within six months of the filing of this Complaint.

### JURY TRIAL DEMAND

76. Plaintiffs hereby demand a jury trial.

### PRAYER

WHEREFORE, Plaintiffs pray for judgment against defendants, and each of them, as follows:

77. General damages in amounts to be determined according to proof;

78. Special damages in amounts to be determined according to proof;

79. Attorneys' fees pursuant to statutes;

80. Costs of suit;

81. Punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;

82. For pre and post judgment interest as permitted by law;

83. For such other and further relief as the Court may deem just and proper.

### CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

84. Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: February 12, 2007                    _____/s/_____
                                                    JAMES B. CHANIN
                                                    Attorney for Plaintiffs